INHABITANTS OF LIMINGTON *vs.* INHABITANTS OF ALFRED.

York.     Opinion December 27, 1922.

*On the issue involved the evidence was sufficient to warrant a verdict for the plaintiff if the jury had so found.     Exception to a nonsuit sustained.*

The nonsuit must have been granted upon the ground that Mrs. Knight did not have a pauper settlement in the defendant town, when she fell into distress, as the amount charged for the assistance rendered to her is not in controversy.

On exception by plaintiff.     An action of assumpsit to recover for pauper supplies.     The defendant pleaded the general issue with a brief statement setting up insufficiency of the pauper notice.     At the close of the evidence by the plaintiff on motion by counsel for defendant the presiding Justice ordered a nonsuit and plaintiff excepted. Exception sustained.

The case is sufficiently stated in the opinion.

*Elias Smith,* for plaintiff.

*Edward S. Titcomb,* for defendant.

SITTING:     CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

SPEAR, J.     This case comes up on the following bill of exceptions, namely:

"This was an action of assumpsit, brought by the plaintiff under the provisions of Chapters 29 and 64 of the Revised Statutes for the

recovery of the expense of relieving and necessary support of destitute persons found in the plaintiff town and having no settlement therein, and having a pauper settlement in the defendant town.

"At the trial before a jury, at the conclusion of the plaintiff's testimony and on motion of the defendant, the court ordered a non-suit.

"The writ, and declaration, and amendment thereto, and defendant's pleadings, together with the evidence introduced by the plaintiff are to be made a part of this bill of exceptions.

"To all which rulings, and instructions, and refusals to instruct the said Plaintiff excepts and prays that his exceptions may be allowed."

The original declaration was a count under the forms of R. S., Chap. 29, for the recovery of pauper supplies furnished by the plaintiff town, to relieve the distress of one Mrs. C. K. wife of C. J. K. and his sons D. K. and G. K. alleged at the time to have had their legal pauper settlement in the defendant town.

Before proceeding to trial the plaintiff was permitted to amend his declaration by inserting a count under the provisions of R. S., Chap. 64, Sec. 55, which relates to the protection of neglected children, and imposes liability on the town in which they have a legal settlement for the expenses of their support, until they are placed in a permanent home.

The second count may be easily disposed of upon the grounds that the evidence fails to show a legal commitment of the children to the institution to which it was alleged they were committed.

The notice disposes of any liability upon the defendant town for the support of the children under the first count, under the provisions of Chapter 29. The notice reads as follows:

"To the Overseers of the Poor of the Town of Alfred, in the County of York, in the State of Maine:

Gentlemen:—You are hereby notified that Charles Knight wife, inhabitant of your town, having fallen into distress, and in need of immediate relief in the town of Limington, the same has been furnished by said town on the account and at the proper charge of the town of Alfred, where said Charles Knight has legal settlement; you are requested to remove said Charles Knight wife or otherwise

provide for her, without delay, and to defray the expense of support in said town of Limington.   The sums expended for support up to this date are

Dated at Limington, this 1 day of Jan., A. D., 1917.

Yours respectfully,

C. N. CHASE.
GEO. M. BRACKETT,
Overseers of the Poor of Limington."

The reply reads as follows:

"To the Overseers of the Poor in the Town of Limington, in the County of York, in the State of Maine:

Gentlemen:—Your notice of the 6th of Jan. instant, stating that Mrs. Chas. Knight has fallen into distress and been furnished relief by your town at the charge of the town of Alfred was duly received.

Upon inquiry, we are satisfied that this town is not the place of the lawful settlement of the said Mrs. Chas. Knight.

We therefore decline to remove her or to contribute towards her support.

Dated at Alfred, this 16 day of Jan. A. D., 1917.

Yours respectfully,

J. W. PLUMMER,
J. O. NUTTER,
Overseers of the Poor of Alfred."

It is now well settled that, in order to hold a town liable for the support of its pauper children, the number of the children at least for whom compensation for support is claimed, must be stated. A review of the cases giving an interpretation of notices, in this regard, will be found in *Thomaston* v. *Greenbush*, 98 Maine, 141, in which the pith of the opinion is, that a notice, otherwise complete, but stating only that a mother or a father, by name, has fallen into distress, is not sufficient to include his or her minor children.   The decisions go much further.   In *Wellington* v. *Corinna*, 104 Maine, 257, speaking of a notice, in the following language; " 'Frank N.

Moody and wife and children have fallen into distress,' etc., it is said: It fails to give either the name or number of the children, and in that respect it is obviously an insufficient compliance with the statute as interpreted by the Court."

The notice in the present case, therefore, is not sufficient to include the children.

It is shown, however, by the reply of the overseers of the defendant town and conceded in their brief, that the notice was sufficient to charge it with liability for Mrs. Charles Knight, alone, if she had a pauper settlement therein.

At the close of the plaintiff's case a motion for nonsuit was granted. It must have been upon the ground that Mrs. Knight did not have a pauper settlement in the defendant town, when she fell into distress, as the amount charged for the assistance rendered to her is not in controversy. This brings us to the question whether the evidence in the case was sufficient to have sustained a verdict if one had been rendered in favor of the plaintiff. Without going into an analysis of the testimony, we are of the opinion that there was sufficient evidence to warrant a verdict for the plaintiff if the jury had so found, and that the evidence should have been submitted to their judgment

*Exception sustained.*